IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WESLEY DALE RUSHING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 05-1301-T-An |
| ) | |
| TERRY MILHOLEN, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Wesley Dale Rushing filed this action alleging that Defendants Terry Milholen and the City of Lexington, Tennessee, deprived him of his civil rights pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also alleged several state law tort claims. Defendants have filed a motion for summary judgment. Plaintiff has not responded to the motion. For the reasons set forth below, Defendants' motion is GRANTED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that Plaintiff did not respond does not require granting Defendants' motion. However, if the allegations of the complaint are contravened by Defendants' affidavits and Defendants are entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Wilson v. City of Zanesville, 954 F.2d 349, 351 (6th Cir. 1992).

Plaintiff has alleged the following facts. On April 22, 2003, at approximately 7:00 a.m., Plaintiff, who is disabled, drove his vehicle onto the property at his grandmother's house. Several law enforcement vehicles were already on the property because law enforcement officials were conducting a "drug bust." After Plaintiff stopped his vehicle, Defendant Milholen allegedly "jerked open" Plaintiff's door, pulled Plaintiff from the vehicle, and threw him to the ground. Defendant Milholen allegedly unholstered his service revolver and threatened to "blow off" Plaintiff's head if Plaintiff was in possession of a gun. Defendant Milholen put his foot in the middle of Plaintiff's back on the spot that had previously been injured. Defendant Milholen then allegedly lifted Plaintiff off the ground and threw him "over the left fender of his vehicle." Plaintiff told Defendant that he was handicapped and "in great pain."

Plaintiff was then escorted into his grandmother's house, told to keep his "mouth shut," and threatened with being handcuffed when he asked for medical assistance. Plaintiff was released at 4:15 p.m. that same day. Plaintiff alleges that he was injured by Defendant Milholen's conduct.

Defendants have responded with the affidavit of Defendant Milholen which states that he was assisting with the execution of a search warrant at Plaintiff's grandmother's house when Plaintiff arrived at the house on the day in question. Milholen Affidavit. As a safety precaution, Plaintiff was patted down when he exited his vehicle. Id. Plaintiff consented to a search of his vehicle. Id. Plaintiff then went into his grandmother's house, and Defendant Milholen had no further contact with him. Id. Defendant left the premises at

3

noon and reported for duty at the police station at 1:57 p.m. Id.; Loftin Affidavit; Exhibit A. Defendant did not return to Plaintiff's grandmother's house that day. Milholen Affidavit.

Plaintiff originally filed this action on April 20, 2004. See Rushing v. City of Lexington, Civ. No. 04-1081-T-An. In an order entered on June 30, 2004, this court dismissed the state law claims, the Sixth Amendment claim, and the John Doe defendants.[1] On November 3, 2004, Plaintiff voluntarily dismissed the remaining claims. The present action was filed on October 11, 2005.

### § 1983 Claims Against City of Lexington, Tennessee

Defendant City cannot be held liable on Plaintiff's civil rights claim for the actions of its employee merely on the theory of respondeat superior. The Sixth Circuit Court of Appeals has held that respondeat superior is not a basis for imposing liability on local governments. White v. Gerbitz, 892 F.2d 457, 462 (6th Cir. 1989); Foster v. Walsh, 864 F.2d 416, 419 (6th Cir. 1988). Local governments cannot be sued under the civil rights statutes for the actions of their agents unless the actions represent official government policy or custom. Dorsey v. City of Detroit, 858 F.2d 338, 345 (6th Cir. 1988) (quoting Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978)). Here, Plaintiff has not alleged that the actions of Defendant Milholen were taken pursuant to an official government policy or custom. Therefore, the civil rights claim against the City of Lexington is dismissed.

### § 1983 Claims against Terry Milholen

---

[1] To the extent that Plaintiff has attempted to re-allege a claim under the Sixth Amendment, that claim is dismissed for the same reasons as set forth in the previous order and on the ground of *res judicata*.

4

Plaintiff alleges that Defendant Milholen subjected him to false arrest, excessive force, unlawful detention, and unreasonable search and seizure. "To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." Adams v. Metiva, 31 F.3d 375, 386 (6th Cir. 1994). Under the Fourth Amendment, a person has a right to be secure from a warrantless search and arrest not based on probable cause. Wilson v. City of Livermore, 2001 WL 45106 (6th Cir.).

In the present case, Defendant has established that he did not seize or arrest Plaintiff in that Plaintiff was free to leave his grandmother's house at any time. Milholen Affidavit. Moreover, Defendant Milholen left the scene at noon and, consequently, could not have kept Plaintiff in the house until 4:15 p.m. Id. Thus, Plaintiff's claims of unlawful arrest and detention are without merit.

Officers are allowed to pat down individuals who are present during the execution of a search warrant, see United States v. Walker, 181 F.3d 774 (6th Cir. 1999), and the search of Plaintiff's vehicle was with his consent. Consequently, Defendant is entitled to summary judgment on Plaintiff's claim of an unreasonable search.

Claims of excessive force by law enforcement officials are analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989).[2] The reasonableness of a seizure is judged from the perspective of the officer on the

---

[2] In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court held that excessive force claims in connection with an arrest, stop, or seizure are to be considered under the Fourth Amendment and its "reasonableness" standard. Claims of excessive force involving an innocent bystander who was not the subject of an

scene, rather than with hindsight. Id. at 396. Not every push or shove, even if it may later seem unnecessary, violates the Fourth Amendment. Id. at 396. In evaluating a claim of excessive force, a court must determine reasonableness by considering the severity of the crime involved, the threat to the safety of the officer posed by the suspect, and any resistance to arrest. Id.

Defendant has presented evidence that he frisked or "patted down" Plaintiff during the execution of a search warrant. The Supreme Court has instructed that "the right to make an arrest or investigatory stop carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers ⋯ violates the Fourth Amendment." Id. Although even minor uses of force are unconstitutionally excessive if they are "totally gratuitous," see McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988), Defendant's pat down of Plaintiff was reasonable in light of the circumstances., i.e., the execution of a search warrant during a "drug bust." Accordingly, Defendant is entitled to summary judgment on Plaintiff's excessive force claim.

### State Law Claims

Plaintiff has alleged both civil rights violations and state law tort claims against Defendants. Since the defendants are either governmental entities or governmental employees, they are immune from suits based on state law except as provided by the

---

arrest, stop, or seizure are to be analyzed under the Fourteenth Amendment and a "shocks the conscience standard. Here, the proper analysis for Plaintiff's claims of excessive force is under the Fourth Amendment because he has alleged that he was arrested or seized.

6

Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-302, et seq. ("TGTLA"). This act provides that the circuit courts have exclusive original jurisdiction over claims brought under the Act. T.C.A. § 29-20-307. See Beddingfield v. Pulaski, 666 F. Supp. 1064 (M.D. Tenn. 1987), *reversed on other grounds*, 861 F.2d 968 (6th Cir. 1988). Cf. Timberlake v. Benton, 786 F. Supp. 676 (M.D. Tenn. 1992) (Granting the motion to dismiss of the City and the officers in their official capacities pursuant to Beddingfield but declining to apply the holding in Beddingfield to the officers in their individual capacities..)

Alternatively, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See Maxwell v. Conn, 893 F.2d 1335, 1990 WL 2774 (6th Cir.) (While the federal claims would ordinarily confer jurisdiction over plaintiff's TGTLA claims because they arise out of the same nucleus of operative fact, the decision of the Tennessee legislature to grant original jurisdiction to state circuit courts belies plaintiff's claim that he could expect to try all his claims in the same judicial proceeding, and the district court properly declined to exercise its discretion by extending pendent jurisdiction over the state common law negligence claims because of concerns of jury confusion.) Accord Spurlock v. Whitley, 971 F. Supp. 1166 (M.D. Tenn. 1997), *aff'd* 167 F.3d 995 (6th Cir. 1999) (A court may decline to exercise supplemental jurisdiction if "in exceptional circumstances," there are "compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c)(4), and the exclusivity provision of the TGTLA provides a compelling reason for this court to decline supplemental jurisdiction of the TGTLA claim.) Accordingly, the state law claims brought against Defendants are

7

dismissed.[3]

For all these reasons, Defendants' motion for summary judgment is GRANTED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] The state law claims are also barred by the statute of limitations because Tennessee's savings statute does not apply to TGTLA actions. See Williams v. Memphis Light, Gas and Water Div., 773 S.W.2d 522, 523 (Tenn. App.1988).